IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TASHA RATHBUN, *individually and as*
*Personal representative of the Estate of*
*Scarlett Rose Elmore,*

      Plaintiff,

v.                                                                                               No. 2:22-cv-00053-RB-JHR

DARLA BANNISTER, RN, et al.,

Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court following withdrawal of Plaintiff Tasha Rathbun's counsel, *see* [Doc. 46], and my assignment to this case as pretrial magistrate. *See* [Doc. 49]. Because court staff have been unable to communicate with Rathbun, the Court orders her to provide specific information and show cause for her non-communication as discussed below.

In March 2023, Magistrate Judge Kevin R. Sweazea, then-pretrial magistrate assigned to this case, ordered that Rathbun show cause for failing to timely notify the Court whether she had obtained counsel or would be proceeding *pro se*. [Doc. 48]. Later that month, this case was reassigned to me as pretrial magistrate and Judge Sweazea was no longer associated with the case. [Doc. 49]. In April, the Court received a letter from Rathbun in which she discussed many facts related to her case but did not state clearly how she intended to proceed or whether she or the Estate of Scarlett Rose Elmore would be represented by counsel. *See generally* [Doc. 50].

On Wednesday, June 21, 2023, the Court began attempting to communicate with Rathbun and counsel for Defendant Darla Bannister to facilitate a status conference regarding representation for Rathbun and the Estate of Scarlett Rose Elmore. Court staff tried to reach Rathbun through phone numbers and email addresses provided by Rathbun and her former

counsel to confirm Rathbun's availability.  *See* [Doc. 41, pp. 2–3]; [Doc. 45, p. 1].  Rathbun has not responded to these communications nor acknowledged that she received them.

The Court may impose sanctions for Rathbun's failure to prosecute her case based on the Court's inherit power to regulate its docket and promote judicial efficiency.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the Court's discretion is dismissal without prejudice for want of prosecution.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628–30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).  Rule 41(b) of the Federal Rules of Civil Procedure also authorizes the Court to dismiss an action, without motions by the parties, for failure to prosecute.

IT IS THEREFORE ORDERED that, **no later than Tuesday, July 11, 2023,** Plaintiff Tasha Rathbun shall respond in writing to this Order and state the following:  (1) what is the cause for her failure to respond to the Court's communications; (2) whether she intends to obtain new counsel to represent herself or the Estate of Scarlett Rose Elmore; and (3) up-to-date contact information through which she can be reached, including any phone numbers, email addresses, and physical addresses where she can be consistently contacted.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE