IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TASHA RATHBUN, individually and as the personal
representative of the Estate of Scarlett Rose Elmore,

       Plaintiff,

v.                                                  No. CIV 22-00053 RB/JHR

DARLA BANNISTER, RN, TODD BANNISTER, RN,
BILLY MASSINGILL, BRIANNA NOWLIN, EDDY
COUNTY BOARD OF COMMISSIONERS, BRIAN
RAYROUX, RN, EMMA RENTSCHLER, RN,
MARLENA PELL, RN, JANE AND JOHN DOES 1–10,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Order to Show Cause filed September 12, 2023. (Doc. 56.) The Court issued the Order to Show Cause because Plaintiff Tasha Rathbun has failed to comply with court orders and prosecute her case. Rathbun failed to respond or comply with the Order to Show Cause. Consequently, the Court will dismiss Rathbun's lawsuit.

**I.**     **Procedural History**

Rathbun, through counsel, filed her original complaint in New Mexico state court on December 17, 2021. (*See* Doc. 1-2.) Defendants removed the matter to this Court on January 25, 2022. (Doc. 1.) Rathbun filed an Amended Complaint on February 2, 2022. (Doc. 9.) Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the Court stayed discovery pending a ruling. (Docs. 13; 20.) On November 3, 2022, the Court granted in part the motion to dismiss. (Doc. 39.)

Shortly thereafter, Rathbun's attorney moved to withdraw. (Doc. 41.) The Court held a hearing on the motion, during which Rathbun personally appeared and stated that she intended to

obtain new counsel. (Doc. 45.) United States Magistrate Judge Kevin Sweazea stated that he would "set a Rule 16 scheduling conference after [Rathbun] obtains counsel or [after] 30 days have run." (*Id.* at 2.) Rathbun affirmed that she understood she would need to proceed pro se if she did not obtain counsel. (*See id.*) Judge Sweazea granted the motion to withdraw and set a deadline of February 13, 2023, for Rathbun to obtain new counsel or to notify the Court of her intent to proceed pro se. (Docs. 46–47.)

On March 16, 2023, Judge Sweazea entered an Order to Show Cause, noting that Rathbun failed to abide by the February 13, 2023 deadline. (Doc. 48.) The Order warned Rathbun that her "failure to prosecute her case and failure to comply with Court orders" could result in sanctions, including the dismissal of her lawsuit for want of prosecution. (*Id.* at 1 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628–30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.* 400 F.3d 853, 856 (10th Cir. 2005); Fed. R. Civ. P. 41(b)).)

The lawsuit was reassigned to United States Magistrate Judge Jerry Ritter on March 22, 2023. (Doc. 49.) On June 26, 2023, Judge Ritter entered an Order to Show Cause. (Doc. 53.) He noted that on April 7, 2023, Rathbun sent a letter to the Court "in which she discussed many facts related to her case but did not state clearly how she intended to proceed or whether she or the Estate of Scarlett Rose Elmore would be represented by counsel." (*Id.* at 1 (citing Doc. 50).) Judge Ritter outlined various attempts he made to contact Rathbun. (*See id.* at 1–2.) Judge Ritter's "staff tried to reach Rathbun through phone numbers and email addresses provided by Rathbun and her former counsel to confirm Rathbun's availability" for a status conference. (*Id.* (citations omitted).) Rathbun did not respond to the Court's "communications nor acknowledged that she received them." (*Id.* at 2.) Judge Ritter ordered Rathbun to respond in writing and provide a status report to

the Court no later than July 11, 2023. (*Id.*) The Order cautioned Rathbun that failure to comply may result in dismissal for failure to prosecute. (*Id.*)

On July 20, 2023, Judge Ritter entered a Renewed Order to Show Cause, noting that Rathbun sent a letter to his chambers on July 13, 2013, that "appeared to be a response to the [June 26] Order to Show Cause, but it did not comply with the applicable rules for court filings and violated rules against *ex parte* communications with the Court." (Doc. 55 at 1 (citing Doc. 54[1]).) Again, the Order warned Rathbun that failure to prosecute her case could result in dismissal. (*Id.* at 1–2.) The Order directed Rathbun to respond in writing no later than August 3, 2022, and provide information about her address and the status of her case. (*Id.* at 2.) Rathbun did not file a response.

The Court issued yet another Order to Show Cause on September 12, 2023. (Doc. 56.) The Court observed that, were to it dismiss Rathbun's complaint without prejudice for failure to comply with court orders or prosecute, the dismissal would equate to "one *with* prejudice, as it appears that the statute of limitations has run on Rathbun's last remaining claim." (*Id.* at 4.) To avoid that result, the Court offer "Rathbun one final opportunity to comply with the Court's orders and pursue her lawsuit." (*Id.*) The Court warned Rathbun that failure to comply and file a response to the Order to Show Cause would result in dismissal of this lawsuit. (*Id.*)

**II.    The Court will dismiss this lawsuit.**

"Rule 41 permits a court to dismiss a claim or action *sua sponte* for failure to prosecute it or to comply with court orders." *Pratt v. Franco*, No. CV 18-524 MV/KK, 2022 WL 444255, at *1 (D.N.M. Feb. 14, 2022) (citing Fed. R. Civ. P. 41(b); *Olsen*, 333 F.3d at 1204 n.3 ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long

---

[1] Judge Ritter also filed an Order Regarding Communication with the Court and outlined how parties may properly communicate with the Court. (*See* Doc. 54.)

been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). "'Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go' at prosecution or compliance; 'accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures,' such as evaluation of the *Ehrenhaus* factors." *Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007)) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)); *accord Antonetti v. Santistefan*, No. 23-2060, 2023 WL 5273768, at *1 (10th Cir. Aug. 16, 2023).

As the Court observed in the Order to Show Cause, however, a dismissal without prejudice in this case "would likely be the equivalent of one *with* prejudice, as it appears that the statute of limitations has run on Rathbun's last remaining claim." (Doc. 56 at 4.) Thus, out of an abundance of caution, the Court will examine the *Ehrenhaus* factors, which include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774–75 (10th Cir. 2014) (citing *Ehrenhaus*, 965 F.2d at 918; *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994)).

First, Defendants have defended this case for almost two years, and they are prejudiced by Rathbun's failure to prosecute her lawsuit. Second, Rathbun has interfered with the judicial process by repeatedly failing to follow court orders or comply with the Local Rules. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) ("repeatedly ignore[ing] court orders . . . hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party") (citation omitted). Third, Rathbun's "repeated refusal to follow Court orders

or participate in this case . . . indicate that [her] actions were willful rather than inadvertent." *See Walck v. Bernalillo Cnty. Bd. of Comm'rs*, No. 1:18-cv-0039 WJ/LF, 2019 WL 885937, at *3 (D.N.M. Feb. 22, 2019). Fourth, Rathbun has been warned on multiple occasions that her case would be subject to dismissal if she failed to comply with court orders or prosecute her case. (Docs. 48, 53, 55–56.) Most recently, the Court explicitly warned Rathbun that even a dismissal without prejudice would function as one with prejudice, as it appears that the statute of limitations has expired on her remaining claim. (Doc. 56 at 4.) Finally, the Court finds that dismissal is an appropriate sanction, given Rathbun's failure to respond and show interest in continuing with this lawsuit.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to prosecute and failure comply with court orders.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

5